GRACEY, JUDGE:
This claim arises out of construction of the Community Technical College Building at West Virginia Institute of Technology at Montgomery, West Virginia. The contract for construction of the building was dated April 15, 1970, the parties thereto being E.P. Fogleman Construction Company and the West Virginia Board of Regents, the respondent. Claimant was advised by "Notice to Proceed" to commence construction on the project by June 8, 1970. The original completion date of October 6, 1971, was extended by agreement of the parties to January 6, 1972, by Final Change Order #6.
Edgar P. Fogleman, President of the E.P. Fogleman Construction Company, testified that claimant was requested to perform work not specified in the original contract, specifications and plans. Mr. Fogleman stated that the figures contained in Change Order No. 1 do not correspond to those he submitted to the architect, Henry Elden and Associates, and that his signature on them was obtained without his knowledge that the figures did not agree. He also testified that flaws in the original design required claimant to perform extra work not contained on any of the Change Orders which were submitted to the architect but for which no approval was obtained. The architect also made requests for other work which was performed by claimant but for which claimant has not been paid. There were negotiations between the parties on a list of several items which the architect requested be completed but the parties were unable to agree upon a price for these items. Some of the items were completed by claimant and others were not.
Claimant also contends that respondent submitted a series of punch lists of items to be completed on the project. These lists were tendered to the claimant in November of 1971. Claimant alleges that all, or substantially all, items covered by the contract or by Change Orders Nos. 1-5 were fulfilled. Respondent, however, has retained $40,000.00 which amount represents the balance due on the contract and Change Orders. Claimant is seeking the amount retained and compensation in the amount of $40,000.00 for extra work which claimant contends was performed at the architect's request but for which claimant has not been paid.
Respondent contends that a Correction and Completion Contract had to be entered into with another contractor for completion of the building to be constructed by claimant. The total amount of this contract was $64,900.00. Several of the items contained in the contract pertained to correcting moisture problems from the outside which was damaging the interior finishing and correcting problems of pooling water and blistering on the roof. Claimant was responsible for correcting any problems at cost under the terms of the original contract. Furthermore, claimant has not supplied the necessary unconditional release of mechanics' liens for the subcontractors and, therefore, respondent is justified in suspending final payment under the terms of the contract.
*42 Respondent also contends that the prices for work provided for under Change Order Number 1 were agreed to by the contractor as evidenced by Mr. Fogleman's signature on the document. Furthermore, respondent alleges that the contractor was only authorized to perform
extra work which was approved under the procedures outlined in the general terms and conditions of the contract. The specifications under General Conditions Number 17 state, "No changes in the work covered by the approved Contract Documents shall be made without having prior written approval of the Owner... ." The specifications under General Conditions Number 18 provides, "... and no claims for any extra work or materials shall be allowed unless the work is ordered in writing by the Owner or it's Architect/Engineer, acting officially for the Owner, and the price is stated in such order."
Several specific itemized charges claimed by the claimant were challenged by the respondent. Among these were 6% interest on late payments for missing the schedule periodic payment dates; interest charges of $2,375.73 on a judgment against the claimant by a subcontractor, Dougherty Company; the amount of a judgment for $4,305.00 for extra work performed by the subcontractor; interest of $3,311.25 on the $6,000.00 retained by the claimant from the subcontractor; and $17,069.48 for insurance, utilities and overhead during the period of the contract extension from October 6,1971 until January 6,1972. The original contract provided that the contractor would incur these costs. Subsequent Change Orders allowing the extension of time did not contain a provision that the respondent would be responsible for these costs during the extended period for the completion of the contract. Claimant asserts it is due these amounts under the provisions of General Conditions Number 17 of the original contract.
After examining all of the evidence, the Court is of the opinion that the claimant is not entitled to any compensation for extra work performed beyond what was required by the terms of the contract. The terms are quite specific concerning the procedures to be followed for the execution of agreements for the performance of extra work on the project. The exhibits claimant submits, as evidence that extra work was performed and compensation requested for that extra work, are all dated substantially after the extended completion date of the project.
The Court is of the opinion that the claimant is entitled to $40,000.00 retained as final payment due claimant on the original contract and change orders reduce by $10,000.00 which the Court calculates as that portion of the Correction and Completion Contract for repairing interior damage due to moisture and repairing the blistering on the roof. There shall be no interest due the claimant on the award of $30,000.00 as the respondent properly suspended payment of the retainage until all potential claims of the subcontractors against the claimant were paid, discharged, or waived.
Award of $30,000.00.
Judge Hanlon did not participate in the hearing or decision of this case.